THE TOWN OF DECORAH v. DUNSTON BROS.

Attachment: ACTIONS EX CONTRACTU. An action to recover the penalty prescribed for the violation of a city ordinance, is not classed as an action *ex delicto*, but rather one *ex contractu*, and, hence, not governed by section 3177 of the Revision, which provides that if the demand is not founded on contract, the petition for an attachment must be presented to some judge for an allowance of the amount in value of the property that may be attached.

*Appeal from Winnesheik District Court.*

THURSDAY, JULY 25.

THE petition alleges that defendants are non-residents of the State, and transient merchants; that, on the 14th day of December, 1870, within the corporate limits of the town of Decorah, they sold at auction, goods, wares and merchandise, without obtaining a license therefor, as required by the terms of an ordinance of said town, entitled, "An ordinance to regulate and license auctions and transient merchants, hucksters, pedlers and pawnbrokers," whereby defendants became indebted to plaintiff in the sum of $20. The petition asks an attachment which was issued and duly levied.

Three other like petitions were subsequently filed to recover for other infractions of the ordinance.

Attached to the petitions is a copy of the ordinance providing for a fine of $20 for each day the same is violated. On motion of defendants, these various actions were afterward consolidated.

A motion was made to dissolve the several attachments on the ground that the cause of action in each of said suits is founded on an alleged tort, and the original petition in each cause was never presented to a judge of any court for

The Town of Decorah v. Dunston Bros.

an allowance of the amount in value of the property that might be attached under a writ issued thereon. This motion was sustained. Plaintiff appeals.

*E. E. Cooley* for the appellant.

No appearance for the appellee.

DAY, J. — Section 3177 of the Revision provides that " if the demand is not founded on contract, the original petition must be presented to some judge of the supreme or district court, or the judge of the county court, who shall make an allowance thereon of the amount in value of the property that may be attached." It has been held that this section refers to actions *ex delicto*, as distinguished from actions *ex contractu*, and that it is only in actions of the former class that the petition must be presented to a judge for allowance. *Johnson & Stevens* v. *Butler*, 2 Iowa, 535 ; *Raver* v. *Webster et al.*, 3 id. 502 ; *Lord* v. *Gaddis*, 6 id. 57.

This action is brought to recover a certain liquidated sum. The amount due does not depend upon a mere arbitrary estimation of a jury. If any thing at all is recoverable, it is the penalty fixed in the ordinance. Hence, at common law, the form of action would have been debt. 1 Chitty on Plead. 100 ; Stephen on Plead. 14.

On the principle of an implied original contract to submit to the rules of the community whereof we are members, a forfeiture imposed by the by-laws and private ordinances of a corporation, upon any that belong to the body, immediately creates a debt in the eye of the law, and, if unpaid, the remedy is by action of debt. The same reason may, with equal justice, be applied to all penal statutes, whereby a forfeiture is inflicted for transgressing the provisions therein enacted. Blacks. Com., 3d book, marg. pp. 159 and 160.

This is not an action *ex delicto*, and hence, it is not governed by the provisions of section 3177.

. It follows that the court erred in sustaining the motion to dissolve the attachment.

Reversed.